My dissent is based upon two completely separate propositions: (1) As guarantor, Barensfeld was entitled to notice of the sale of the security under the floor plan loan. He didn't get that notice. The same security was also security for the earlier real estate loan, by reason of the expansive language employed by FirstMerit in making the floor plan loan; this is true because that language created a security interest in the bank to secure payment of all obligations, present or future, from Todd Leasing was also obligated to the bank as a co-maker of the earlier real estate loan. It makes no difference who was defined as borrower or lender the fact remains that Todd Leasing was obligated under both transactions, and the later transaction created security interest in the floor plan cars as security for both debts. When Barensfeld did not get notice of the disposition of the security, he did not get notice of the disposition of that which had been pledged as security for the loan that he was being called upon to pay. R.C. 1309.47 fits these facts. (2) The majority cites no case law in support of its determination, presumably because none exists. It may be that Ohio law will ultimately develop as outlined by the majority, or it may be that it will ultimately develop as outlined by the courts in other states, or even as outlined by the dissent herein. The requirement of Civ.R. 60(B) is not that the movant establish an iron-clad, settled-law defense. He has established a colorable, arguable defense. That is the extent of his burden in these circumstances.